**LTL ATTORNEYS LLP**
Steven C. Gonzalez (CA Bar No. 191756)
 steven.gonzalez@ltlattorneys.com
Thy B. Bui (CA Bar No. 256383)
 thy.bui@ltlattorneys.com
Lisa Yumi Mitchell (CA Bar No. 311407)
 lisayumi.mitchell@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant Wal-Mart Stores, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| KAYLYNN NORWOOD, an individual, | CASE NO.: 2:17-cv-783 |
| Plaintiff, | *[Removed from Los Angeles County Superior Court, Case No. BC645514]* |
| v. | **NOTICE OF REMOVAL** |
| WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | [DIVERSITY–28 U.S.C. §§ 1332, 1367, 1441] |
| Defendants. | Action Filed:   January 3, 2017<br>Removal Date:   January 31, 2017<br>Trial Date:   None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF KAYLYNN NORWOOD AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Wal-Mart Stores, Inc. hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California—Western Division.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446.  The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1.     This case arises from Plaintiff Kaylynn Norwood's employment with Wal-Mart.  On January 3, 2017, Plaintiff filed this action in the Superior Court of California for the County of Los Angeles, Case No. BC645514 (the "State Court Action").  In her Complaint, Plaintiff asserts causes of action for (1) Wrongful Constructive Termination in Violation of Public Policy; (2) Sexual Harassment; (3) Discrimination Based Upon Sex/Gender; (4) Retaliation; (5) Failure to Take All Reasonable Steps to Prevent Harassment Discrimination and Retaliation; and (6) Intentional Infliction of Emotional Distress.  Specifically, Plaintiff claims that Wal-Mart retaliated against her after she allegedly complained to her assistant managers that a co-worker sexually harassed and discriminated against her on the basis of her sex or gender.

## TIMELINESS OF REMOVAL

2.     On January 4, 2017 Plaintiff served CT Corporation System, Wal-Mart's agent for service of process, with a: (1) Summons, (2) Complaint, and (3) Voluntary Efficient Litigation Stipulations.  True and correct copies of these documents are attached hereto as **Exhibits 1 through 3**.

3.     Plaintiff filed a Peremptory Challenge to Judicial Officer on January 4, 2017, to challenge the assignment of the matter to Judge Barbara A. Meiers, which was

granted.  Plaintiff filed her Proof of Service of Summons on January 9, 2017.  Wal-Mart filed its Answer to Plaintiff's Complaint on January 26, 2017.  No other process, pleadings, or papers have been filed in said action and no further proceedings have been had.

4.      Defendants "DOES 1 through 50, inclusive" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

5.      This removal is timely filed as required by 28 U.S.C. 1446(b) having been accomplished within 30 days of the date of first service of the State Court Action on Wal-Mart, which was January 4, 2017, and within one year of the date the State Court Action was filed on January 3, 2017.

**DIVERSITY JURISDICTION**

6.      **Basis of Original Jurisdiction.**  Wal-Mart is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Wal-Mart pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California and Wal-Mart is a citizen of Arkansas and Delaware, and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interests and costs as described below.

7.      **Plaintiff's Citizenship.**  For diversity purposes, an individual's citizenship is determined by the individual's domicile.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiff is, and was at the time of filing her Complaint, a citizen of the State of California, County of Los Angeles.  *See* Compl. ¶ 9. Further, after her employment with Wal-Mart ended, Plaintiff filed a complaint with the California Department of Fair Housing and Employment on December 28, 2016, DFEH No. 794537-268256.  In that Complaint, Plaintiff's attorney, Jay S. Rothman, declares

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441

under the penalty of perjury that Plaintiff "Kaylynn Norwood resides in the City of Woodland Hills, State of California." *See* Compl., Ex. A.

8.     **Defendant Wal-Mart's Citizenship.**  The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*  Wal-Mart is incorporated in Delaware, and its principal place of business is in Bentonville, Arkansas, as Wal-Mart performs the vast majority of its executive and administrative functions at its corporate headquarters in that location.  Attached hereto as **Exhibit 4** is a true and correct copy of the first page of Wal-Mart's January 31, 2016 Form 10-K, which I obtained from the SEC's website at https://www.sec.gov/.  Wal-Mart's Form 10-K identifies Delaware as its place of incorporation and Arkansas as the location of its principal executive offices.

9.     **Amount in Controversy.**  Wal-Mart alleges that based on Plaintiff's Complaint, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000.  "The calculation of the amount in controversy takes into account claims for 'general' damages,' 'special' damages, punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded the $75,000 jurisdictional amount).

10.     Plaintiff alleges that as a result of Wal-Mart's conduct, she "has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits."  Compl. ¶¶ 19, 31, 44, 67.  Plaintiff further alleges that she "has

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441

incurred additional expenses in her efforts to regain employment" (*id.* ¶¶ 20, 32, 45, 68), and "will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages." *Id.* ¶¶ 21, 33, 46, 68.  Plaintiff prays for "lost earnings and related expenses […] for an amount in excess of $50,000." Compl. at 17, Prayer ¶ 4.

11.   Plaintiff further alleges that she has "suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain." Compl. ¶¶ 23, 35, 48, 60, 84.  She seeks to recover these alleged damages, as well as attorneys' fees pursuant to section 12965(b) of the California Government Code (*id.* ¶¶ 22, 34, 47, 59, 70) and an award of punitive damages (*id.* ¶¶ 1, 26, 38, 51, 63, 74, 87).  In her Prayer for Relief, Plaintiff alleges that she seeks damages "arising from mental and emotional distress […] in excess of $50,000" and that she seeks "medical and related expenses […] in excess of $50,000." *Id.* at 17, Prayer ¶¶ 1, 3.  In combination with the other alleged damages Plaintiff seeks, this satisfies the amount-in-controversy requirement.  *Kroske*, 432 F.3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *see, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (holding that plaintiff's wrongful termination claim exceeds $75,000 based on her "lengthy list" of compensatory damages including loss of pay, employment benefits, impaired earning capacity, emotional distress, and other remedies); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (holding that plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA).  Indeed, in her Prayer for Relief alone, Plaintiff alleges

that she seeks damages in excess of $150,000.  Compl. at 17, Prayer ¶¶ 1-4.

## CONCLUSION

12.     Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Wal-Mart is a citizen of Arkansas and Delaware.  Furthermore, the amount in controversy exceeds $75,000, and Plaintiff alleges damages in excess of $150,000 on the face of her Complaint.  Compl. at 17, Prayer ¶¶ 1-4.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Wal-Mart has properly removed the State Court Action to this Court.

13.     In the event that this Court has any questions regarding the propriety of this Notice of Removal, Wal-Mart respectfully requests that the Court issue an Order to Show Cause so that Wal-Mart may have an opportunity to more fully brief the Court as to the basis for this removal.

WHEREFORE, Wal-Mart prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to this Court.

DATED: January 31, 2017                    LTL ATTORNEYS LLP


By: /s/ Lisa Yumi Mitchell
        Steven C. Gonzalez
        Thy B. Bui
        Lisa Yumi Mitchell
        Attorneys for Defendant
        Wal-Mart Stores, Inc.